THE STATE, EX REL. JENNINGS, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as State, ex rel. Jennings, *v.* Indus. Comm. (1982), 1 Ohio St. 3d 101.]

(No. 81-1822—Decided July 28, 1982.)

*Messrs. Wagoner, Steinberg, Chinnis & Smith* and *Mr. Michael D. Dorf,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. James E. Davidson,* for respondent Industrial Commission.

*Messrs. Cooper, Straub, Walinski & Cramer* and *Mr. T. Scott Johnston,* for respondent Toledo Board of Education.

*Per Curiam.* "Where there is no evidence upon which the commission could have based its factual conclusion an abuse of discretion is present and mandamus becomes appropriate. *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9 [58 O.O.2d 66]." *State, ex rel. Kramer,* v. *Indus. Comm.* (1979), 59 Ohio St. 2d 39, 42 [13 O.O.3d 30, 31].

Relator argues that upon deposition, Dr. McCloud repudiated the conclusion in his report and thus the report cannot constitute evidence to support the order of the commission. We agree.

The purpose of permanent total disability benefits is to compensate a claimant for impairment of earning capacity. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 282 [71 O.O.2d 255, 258]. The Medical Examination Manual issued by the commission's Medical Section pursuant to R.C. 4121.38(B)(2),[1] states, at page vi, that permanent total disability "* * * is established when the injury has caused the injured worker to be unfit for sustained remunerative employment."

In his deposition, Dr. McCloud concluded that relator was not fit for sustained remunerative employment and was permanently and totally disabled, in direct conflict with his original report. We reject the commission's contention that Dr. McCloud's deposition testimony does not detract from the probative value of the original report. The result urged by the commission would defeat the purposes of deposing an expert witness since the commission could ignore that testimony if it tends to discredit the expert's original report. It would also serve to emasculate the provisions of R.C. 4121.38(B)(2), the purpose of which is to increase consistency in medical evaluations, because it would permit the commission to override its own definitions and standards.

We hold that where a medical expert has, by deposition testimony, repudiated a conclusion previously made in a medical report, that report cannot constitute evidence to support the order of the commission. In the case at

---

[1] R.C. 4121.38 provides in part:

"(B) The medical section shall:

"* * *

"(2) Issue a manual of commission policy as to impairment evaluation so as to increase consistency of medical reports. This manual shall be available to the public at cost but shall be provided to all physicians who treat claimants or to whom claimants are referred for evaluation; * * *."

bar, there was no evidence but the repudiated report of Dr. McCloud to support the order of the commission and all the evidence presented supported relator's entitlement to benefits for permanent and total disability.

Accordingly, the writ prayed for is allowed.

*Writ allowed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and KRU-PANSKY, JJ., concur.

HOLMES, J., concurs in the judgment.