THE STATE, EX REL. LAWRENCE, APPELLEE, *v.* AMERICAN LUBRICANTS CO.; INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as State, ex rel. Lawrence, *v.* American Lubricants Co. (1988), 40 Ohio St. 3d 321.]

(No. 87-1529—Submitted September 20, 1988—Decided December 30, 1988.)

*E.S. Gallon & Associates* and *Richard M. Malone,* for appellee.

Anthony J. Celebrezze, Jr., attorney general, and Jeffery W. Clark, for appellant.

Per Curiam. Permanent total disability is the inability to engage in sustained remunerative employment. State, ex rel. Jennings, v. Indus. Comm. (1982), 1 Ohio St. 3d 101, 1 OBR 135, 438 N.E. 2d 420. In State, ex rel. Stephenson, v. Indus. Comm. (1987), 31 Ohio St. 3d 167, 31 OBR 369, 509 N.E. 2d 946, we stated that for purposes of permanent total disability determination, examining physicians should confine their opinions to the question of medical impairment, and that the commission, in addressing the more comprehensive issue of permanent total disability, should also consider the "* * * claimant's age, education, work record, and all other factors, such as physical, psychological, and sociological, that are contained within the record * * *." Id. at 173, 31 OBR at 374, 509 N.E. 2d at 951. In Stephenson, we remanded a commission order that failed to indicate that these factors were taken into account. We reach the same result in this case.

In denying permanent total disability compensation, the commission examined the medical evidence, but failed to consider, or to state whether it considered, the pertinent nonmedical factors enumerated in Stephenson. Their consideration is imperative where the commission, as in this case, denies permanent total disability compensation based upon medical evidence that merely indicates that the claimant is not permanently and totally impaired. The terms are not equivalent. A finding that a claimant is not permanently and totally impaired indicates that the person retains capacity for some type of work based on medical factors. However, a person's medically based capacity for certain employment is im-material if age, work experience or education forecloses him or her from such employment.

The court of appeals held that because Dr. Hutchison's report commented solely on impairment it was of no evidentiary value. It then found that the only remaining evidence was Dr. Paley's narrative indicating that appellee was permanently and totally disabled, and held accordingly. We disagree with the appellate court's dismissal of the Hutchison report. In Stephenson, we indicated that "impairment," not "disability," is the proper subject of medical reports. Therefore, it is inconsistent to discard as nonprobative reports that confine themselves to a discussion of impairment.

We thus find that the appellate court erred in failing to assign any evidentiary weight to Dr. Hutchison's report. We also find that the commission erred in failing to consider, or to state whether it considered, nonmedical disability factors. Accordingly, we reverse the decision of the appellate court and remand the cause to the commission to consider, if it has not already done so, those factors set forth in Stephenson, and for the order of the commission to reflect consideration of those factors.

*Judgment reversed and cause remanded.*

MOYER, C.J., LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent. I would affirm the judgment of the court of appeals in accordance with the July 7, 1987 well-rea-

soned opinion of the Tenth District Court of Appeals filed July 9, 1987, authored by Strausbaugh, P.J., and concurred in by Judges Cook and Stephenson, and the thorough report of Referee Kullman of October 31, 1986.

SWEENEY, J., concurs in the foregoing dissenting opinion.