THE STATE, EX REL. ROHRBAUGH, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as State, ex rel. Rohrbaugh, *v.* Indus. Comm. (1989), 42 Ohio St. 3d 170.]

(No. 88-251—Submitted March 7, 1989—Decided May 10, 1989.)

*Wagoner, Steinberg, Chinnis & Dorf, Michael D. Dorf* and *Joan H. Rife,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Merl H. Wayman,* for appellee.

*Per Curiam.* Emphasizing the distinction between "impairment" and "disability," *State, ex rel. Stephenson,* v. *Indus. Comm.* (1987), 31 Ohio St. 3d 167, 31 OBR 369, 509 N.E. 2d 946, requires the Industrial Commission, in determining permanent total disability, to consider age, education, work history and all other relevant nonmedical disability factors contained within the record. It also requires permanent total disability orders to indicate such consideration. *Stephenson* remanded a commission order that failed to indicate such consideration. The question before this court is whether the present commission order should be remanded for such consideration. We find that it should.

The commission maintains that so long as there is "some evidence" supporting its decision, consideration of *Stephenson* factors is unnecessary. This is incorrect. *Stephenson* contains no such language. Moreover, as we have stated previously, where a permanent impairment is causally related to the allowed condition, but is less than total, consideration of nonmedical disability factors is particularly important. As noted in *State, ex rel. Lawrence,* v. *American Lubricants Co.* (1988), 40 Ohio St. 3d 321, 322, 533 N.E. 2d 344, 346, a person's "medically based capacity for certain employment is immaterial if age, work experience or education forecloses him or her from such employment."

In the case at bar, Dr. Mann specifically found fifteen-percent permanent physical impairment due to the allowed conditions. However, the effect of this impairment upon appellant's ability to engage in sustained remunerative employment cannot in this instance be determined without consideration of relevant nonmedical factors.

Accordingly, the appellate court's judgment is reversed and a limited

172

writ is allowed remanding the cause to the commission to consider, if it has not already done so, those factors set forth in *Stephenson,* and for the order of the commission to reflect consideration of those factors.

*Judgment reversed and limited writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.