THE STATE, EX REL. WOODS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Woods, *v.* Indus. Comm. (1990), 50 Ohio St. 3d 227.]

(No. 88-2082—Submitted February 6, 1990—Decided April 25, 1990.)

228

*Butler, Cincione, DiCuccio & Dritz* and *David B. Barnhart,* for appellant.

*Anthony J. Celebrezze, Jr.,* at-torney general, *Michael L. Squillace* and *Cheryl J. Nester,* for appellee Industrial Commission.

*Per Curiam.* To deny a claimant's application for permanent total disability compensation, the commission must determine that the claimant is able to engage in sustained remunerative employment. *State, ex rel. Jennings,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 101, 1 OBR 135, 438 N.E. 2d 420. This determination requires the commission to first consider the medical evidence indicating the claimant's degree of impairment. If the medical evidence does not establish that the claimant is permanently and totally impaired, the commission must then decide the disability issue — whether the claimant's age, education, work record, or any other physical, psychological, or sociological factor forecloses the claimant's return to the work force. *State, ex rel. Lawrence,* v. *American Lubricants Co.* (1988), 40 Ohio St. 3d 321, 322, 533 N.E. 2d 344, 346, following *State, ex rel. Stephenson,* v. *Indus. Comm.* (1987), 31 Ohio St. 3d 167, 31 OBR 369, 509 N.E. 2d 946.

The court of appeals held that the factors set forth in *Stephenson* were irrelevant to appellant's application for permanent total disability compensation due to Dr. Reynolds's opinion that she could return to her former job despite her back injury. According to the court, this opinion allowed the commission to conclude that appellant was able to engage in sustained remunerative employment without considering any possible effect of appellant's age and work record on her capacity to work generally. We disagree.

*Lawrence, supra,* holds that the commission cannot declare a partially impaired claimant able to engage in sustained remunerative employment unless it considers evidence of the

*Stephenson* factors and causes its order to reflect this consideration. *Lawrence* plainly establishes these factors as the foundation for the ultimate determination that must be made before an application for permanent total disability compensation is denied. Thus, contrary to the court of appeals' holding, evidence of the *Stephenson* factors is never completely irrelevant where, as here, the claimant is not permanently and totally impaired.

Furthermore, we have said that for the purpose of a permanent total disability determination, examining physicians should confine their opinions to the question of medical impairment (*i.e.*, "the amount of a claimant's anatomical and/or mental loss of function" caused by an allowed injury, *Stephenson, supra,* at 171, 31 OBR at 373, 509 N.E. 2d at 950), and that the question of disability (*i.e.*, "the effect that the physical impairment has on the claimant's ability to work," *id.*) is for the commission to determine. *Lawrence, supra,* at 322, 533 N.E. 2d at 346. Nevertheless, the commission determined in this case that appellant was able to return to her former place of employment, and therefore able to engage in sustained remunerative employment solely because of medical evidence. However, since disability is not a proper subject for medical reports, it follows that the commission cannot justify a decision denying permanent total disability by relying entirely on a medical report.

For these reasons, we hold that the commission was required to consider the *Stephenson* factors present in this record and to indicate such consideration in its order. Accordingly, the court of appeals decision is reversed and the commission is ordered to vacate its denial of appellant's application for compensation for permanent and total disability, and to proceed with her claim in accordance with this opinion.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.