THE STATE, EX REL. PERRY, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State, ex rel. Perry, v. Indus.*
*Comm.* (1991), 62 Ohio St.3d 310.]

(No. 90–271—Submitted October 23, 1990—Decided December 24, 1991.)

W. *Michael Shay,* for appellant.

*Lee I. Fisher,* Attorney General, and *Michael L. Squillace,* for appellee.

---

*Per Curiam.* Appellant contests the medical evidence relied on and the commission's treatment of the nonmedical disability factors set forth in *State, ex rel. Stephenson, v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946. Only the latter challenge has merit.

Appellant focuses on Dr. Howard's deposition, claiming that it supports a permanent total disability award rather than a denial. In that deposition, Dr. Howard reaffirmed his opinion that appellant's psychiatric condition did not prevent her from performing sustained remunerative employment. He also

stated that her age and education would probably diminish her chances for successful rehabilitation. Appellant points to this latter observation as evidence of permanent total disability.

The effect, however, of age, education, etc. upon a claimant's capacity to work is a disability question, the resolution of which lies exclusively with the commission. *Stephenson, supra; State, ex rel. Lawrence, v. American Lubricants Co.* (1988), 40 Ohio St.3d 321, 533 N.E.2d 344. The commission is not bound by Dr. Howard's disability opinion. His impairment opinion, however, which is relevant here, concludes that appellant can perform her old job, which obviously substantiates an ability to perform sustained remunerative employment. Thus, his report is some medical evidence supporting the commission's decision.

Appellant also contends that the commission abused its discretion by not explaining why the nonmedical disability factors did not render appellant permanently and totally disabled. We agree, based on our decision in *State, ex rel. Noll, v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

Accordingly, the judgment of the appellate court is reversed and a limited writ is issued returning the cause to the commission for an amended order consistent with the directives set forth in *Noll.*

*Judgment reversed*
*and limited writ issued.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. I would affirm the judgment of the court of appeals.