OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.


The State ex rel. Hart v. Industrial Commission of Ohio et al.
[Cite as State ex rel. Hart v. Indus. Comm. (1993),
     Ohio St.3d     .]
Workers' compensation -- Application for permanent total
     disability compensation -- Denial not an abuse of
     discretion when commission's decision supported by "some
     evidence."
     (No. 92-1876 -- Submitted February 2, 1993 -- Decided
April 7, 1993.)
     In Mandamus.
     Relator-claimant, Bradley Hart, Jr., was injured in the course of and arising from his employment with respondent Johnson Controls, Inc. In late 1991, he sought permanent total disability compensation.
     Among other evidence before respondent Industrial Commission of Ohio was the report of Dr. Louis P. Baldoni, who concluded:
     "* * * In my opinion, the claimant is not able to return to his former position of employment as a truck driver due to the physical demands of the job. In regard to the functional level, the claimant has significant restrictions in regards to the allowed cervical injury. He could not do any work requiring significant physical effort involving the neck and upper body. He would have a sedentary kind of job which allowed some tolerance for the kind of discomfort he experiences. The depressive disorder would preclude him from work requiring intensive intellectual or emotional effort and intensive interaction with fellow workers or supervisors.
     "The above opinions are based on informatino [sic] in regard to the allowed condition. They do not take into account such factors such as age, educational achievement, vocational experience and transferrable skills, or any non-allowed physical or psychological conditions."
     On June 29, 1992, the commission denied permanent total disability compensation, writing:
     "* * * [T]he commission find[s] from proof of record that the claimant is not permanently and totally disabled for the reason that the disability is not total; that is, the claimant

is able to perform sustained remunerative employment; that therefore the Permanent Total Disability Application filed 11/22/91 be denied.

"* * *

"The order is based particularly upon the reports of Doctor(s) [sic] Baldoni, evidence in the file and/or evidence adduced at the hearing.

"Claimant is 39 years old, his GED is an assests [sic] in claimant's retraining and/or returning to work. Claimant has a work history as a truck driver, however Industrial Commission examiner Dr. Baldoni stated claimant could engage in sedentary work.

"Therefore with consideration given to all of the above mentioned facts, claimant is found not to be permanent[ly and] total[ly] disabled."

Alleging that the commission abused its discretion in denying him permanent total disability compensation, the claimant has filed this complaint in mandamus with this court.

Dorf & Rife, Joan H. Rife and Michael D. Dorf, for relator.

Lee I. Fisher, Attorney General, and Merl H. Wayman, Assistant Attorney General, for respondent Industrial Commission.

Bugbee & Conkle and Gregory B. Denny, for respondent Johnson Controls, Inc.

Per Curiam. We are once again asked to review the commission's decision for "some evidence," as required by State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936, syllabus. The present commission decision was based on a combination of medical and nonmedical factors - - Dr. Baldoni's conclusion that claimant could do sedentary work, as well as claimant's youth and education. These factors provide "some evidence" supporting the denial of permanent total disability compensation.

Claimant's attack on Dr. Baldoni's report lacks merit. Claimant's contention that the report is deficient because it did not discuss nonmedical factors ignores the language in State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St. 3d 167, 171, 31 OBR 369, 373, 509 N.E.2d 946, 950, which specifically instructed physicians to limit their opinions to medical impairment. Similarly, State ex rel. Lawrence v. American Lubricants Co. (1988), 40 Ohio St. 3d 321, 322, 533 N.E.2d 344, 346, stated:

"The court of appeals held that because Dr. Hutchison's report commented solely on impairment it was of no evidentiary value. * * * We disagree * * *. In Stephenson, we indicated that 'impairment,' not 'disability,' is the proper subject of medical reports. Therefore, it is inconsistent to discard as nonprobative reports that confine themselves to a discussion of impairment."

Claimant's citation to contrary evidence of record ignores our consistent refusal to reweigh evidence. Burley, supra, at 20-21, 31 OBR at 72, 508 N.E.2d at 938. The commission is solely responsible for evaluating evidentiary weight and credibility. Id.; State ex rel. Ohio Bell Tel. Co. v. Krise (1975), 42 Ohio St.2d 247, 254, 71 O.O.2d 226, 230, 327 N.E.2d

756, 761.  Having found the commission decision to be supported by "some evidence," we reject claimant's challenge going to the evidence before us.

Accordingly, the writ of mandamus is denied.

                                    Writ denied.

Moyer, C.J., A.W. Sweeney, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas, J., not participating.