OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Wean United, Inc., Appellant, v. Industrial Commission of Ohio et al., Appellees.
[Cite as State ex rel. Wean United, Inc. v. Indus. Comm. (1993),      Ohio St.3d     .]
Workers' compensation -- Application for permanent total
     disability compensation -- Finding of permanent total
     disability requires that claimant prove that inability to
     perform sustained remunerative employment arises
     exclusively from claim's allowed conditions -- Commission
     abuses its discretion when it fails to consider nonmedical
     disability factors.
     (No. 92-1990 -- Submitted March 16, 1993  -- Decided May 19, 1993.)
     Appeal from the Court of Appeals for Franklin County, No. 91AP-635.
     Appellee-claimant, John DiMartino, in 1976, suffered a "lumbar herniated disc" while in the course of and arising from his employment with appellant, Wean United, Inc., a self-insured employer.  His workers' compensation claim was allowed for this condition only.  Claimant also has several other severe medical problems that are unrelated to his work injury.  These include deep vein thrombosis, cerebrovascular disease and carotid artery disease, as well as pulmonary embolism.
     In 1985, claimant filed a motion for permanent total disability compensation with the appellee Industrial Commission of Ohio.  The sole evidence submitted in support of his application was a C84 "physician's report supplemental" completed by attending physician, Felix A. Pesa.  Under "[p]resent complaints and condition(s)," Dr. Pesa listed "foggy feeling; using Jobst stocking for leg pain."  Objective findings given were "Lumbar Herniated Disc Disease[;] Chronic Venous Insufficiency; past Thrombophlebitis."  Subjective findings noted "Remissions & Exacerbations of leg pain & back pain."  Dr. Pesa did not comment on claimant's ability to perform sustained remunerative employment, although he did say that claimant could never return to his former job.  However, when asked on the same form to identify "claimant's position of

employment at the time of injury" and "claimant's duties," Dr. Pesa responded with a question mark.

While his permanent total disability motion was pending, claimant requested that his claim be additionally allowed for "Deep Vein Thrombosis (right leg)[,] Cerebrovascular Disease and Carotid Artery Disease."  For reasons unknown, the commission chose to hear claimant's permanent total disability motion before it considered the issue of additional allowance. The commission in 1987 granted permanent total disability compensation based solely on Dr. Pesa's report.  There is no indication that nonmedical disability factors were considered.

In 1988, the commission disallowed the additional claim for the cerebrovascular disease and cartoid artery disease condition, but allowed the claim for the deep vein thrombosis condition.  Upon appeal by claimant's employer to the trial court, claimant's right to participate in the State Insurance Fund for the thrombosis condition was denied by judgment entry on August 9, 1990.  On August 23, 1990, appellant moved the commission to reconsider its permanent total disability order, based on the formal disallowance of the vascular conditions. After a hearing, the commission denied appellant's motion, writing:

"It is the decision of the Industrial Commission to deny the employer's motion for reconsideration of the permanent total award, filed 8-23-90.  This order is based upon the medical evidence of record, including the reports of Dr. [Dennis B.] Brooks, dated 6-12-90, and Dr. [Nicholas P.] DePizzo, dated 1-7-91.

"It is the specific finding of the Commission that the evidence submitted at this hearing did not present medical evidence that was not previously considered. * * *"

Appellant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in awarding permanent total disability benefits.  The appellate court found that appellant had unreasonably delayed in filing its complaint and, as a result, was barred by laches from pursuing this action.

This cause is now before this court upon an appeal as of right.

Vorys, Sater, Seymour & Pease and Robert E. Tait, for appellant.
Lee I. Fisher, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee Industrial Commission.
Schiavoni, Schiavoni & Bush and Joseph J. Bush III, for apellee John DiMartino.

Per Curiam.  Claimant has severe health problems that are unrelated to his industrial injury, and no one seriously disputes that he is unable to work.  However, a finding of permanent total disability requires a claimant to prove that his or her inability to perform sustained remunerative employment arises exclusively from the claim's allowed conditions.  State ex rel. Jennings v. Indus. Comm. (1982), 1 Ohio St.3d 101, 1 OBR 135, 438 N.E.2d 420; Fox v. Indus. Comm. (1955), 162 Ohio  St. 569, 55 O.O. 472, 125 N.E.2d 1.

In this case, there are serious problems with the

supporting medical evidence and the commission's order itself. As to the former, each of the medical reports cited - - Pesa, DePizzo and Brooks - - is flawed in its own way. Dr. Brooks, for example, never discusses the key question of claimant's ability to perform sustained remunerative employment. Dr. Pesa also does not discuss that question, limiting his discussion to claimant's ability to return to his former position of employment only. Dr. Pesa, moreover, attributes claimant's inability to return to work in great part to nonallowed conditions. Finally, Dr. DePizzo is the only one who addresses sustained remunerative employment, but bases his opinion on medical and nonmedical factors, contrary to State ex rel. Lawrence v. Am. Lubricants Co. (1988), 40 Ohio St.3d 321, 533 N.E.2d 344.

The evidentiary problems are compounded by the commission's failure - - as demonstrated by its order - - to consider nonmedical disability factors. State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946. Dr. Brooks indicates in his report that claimant does possess a partial impairment attributable to his allowed back condition. This together with nonmedical factors could conceivably produce permanent total disability. The commission, therefore, abused its discretion by failing to consider those nonmedical factors, warranting a return of the cause to the commission for further consideration and amended order.

This action, of course, is premised on our finding that laches does not bar this cause of action. Laches is "'an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party.'" Connin v. Bailey (1984), 15 Ohio St.3d 34, 35, 15 OBR 134, 135, 472 N.E.2d 328, 329. Delay, however:

"[D]oes not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim." Smith v. Smith (1959), 168 Ohio St. 447, 7 O.O.2d 276, 156 N.E.2d 113, paragraph three of the syllabus; State ex rel. Case v. Indus. Comm. (1986), 28 Ohio St.3d 383, 28 OBR 442, 504 N.E.2d 30.

In finding laches, the court of appeals, through its referee, looked to the nearly four and one-half year gap between the commission's permanent total disability order and appellant's mandamus complaint. The appellate court, however, overlooked a key element of this case - - the pendency of the claimant's motion for additional allowance at the time permanent total disability was awarded. Appellant persuasively argues that it was premature to protest the permanent total disability decision before the additional allowance issue was resolved. Appellant stresses that its evidentiary challenge was viable only if claimant's additional allowance request was denied. Therefore, the point from which we measure the delay, in this case, is not the date of the permanent total disability order, but instead is the date on which claimant's motion for the allowance of additional conditions was finally resolved. Because appellant commenced this action within two weeks of the judgment entry denying the allowed thrombosis condition, we

find no unreasonable or unexplained filing delay.

For these reasons, we reverse the judgment of the court of appeals and return the cause to the commission for further consideration of cliamant's permanent total disability application.  The commission is directed to consider only those conditions formally recognized in the claim as well as the nonmedical factors enumerated in Stephenson.

Judgment reversed.

Moyer, C.J., A.W. Sweeney, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas, J., concurs in judgment only.