OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Owens-Corning Fiberglas Corporation,
Appellant, v. Industrial Commission of Ohio et al., Appellees.
[Cite as State ex rel. Owens-Corning Fiberglas Corp. v. Indus.
Comm. (1994),     - Ohio St.3d     .]
Workers' compensation -- Application for permanent total
     disability benefits -- Commission's decision is not
     supported by "some evidence" when physician's disability
     opinion is equivocal.
     (No. 93-1045 -- Submitted June 15, 1994 -- Decided
September 14, 1994.)
     Appeal from the Court of Appeals for Franklin County, No.
92AP-333.
     In 1985, appellee-claimant, Deloris J. Wolfe, alleged that
she had contracted an occupational disease in the course of her
employment with appellant Owens-Corning Fiberglas Corporation
("OCF").  During the administrative proceedings that preceded
eventual allowance of the claim, appellee Industrial Commission
had claimant examined on April 22, 1987 by Dr. Paul Knight.  He
diagnosed "[a]cute and chronic asthmatic bronchitis" and opined:
     "I do not find any evidence that the patient had any prior
existing pulmonary problems prior to employment at Owens
Corning with exposures to the various chemicals, fumes, and
dust and fiberglass as noted.  I therefore would feel that her
respiratory illness is directly related to her work exposures
again as outlined above.  I would feel from her history that
this problem has progressed to the point that it is now
permanent, even in the absence of work exposures.  She has such
a tendency demonstrated to develop dyspnea and wheezing with
any exertion or any exposure to dust and fumes and odors that I
do not feel that the patient could perform meaningful
employment of any kind.  She should therefore be considered
totally disabled."
     The commission adopted Knight's diagnosis and allowed the
claim for temporary total disability compensation.
     Relying on Dr. Knight's opinion, claimant filed for
permanent total disability benefits in late 1988.  Several
other medical exams followed in which claimant was deemed
capable of sustained remunerative employment.  OCF also deposed

Dr. Knight during the pendency of claimant's motion.

On December 18, 1991, the commission awarded benefits for permanent total disability, writing:

"The reports of Drs. Knight, Grodner, Picken, Hilliard and Carriveau [sic, Corriveau] were reviewed and evaluated. This order is based particularly upon the report of Dr. Knight, the evidence in the file and the evidence adduced at the hearing.

"Claimant is fifty-six years of age, has an eighth grade education and has worked primarily as a packer. Claimant was examined and judged as totally disabled by Dr. Knight. With all factors considered, claimant is permanently and totally disabled."

OCF petitioned the Court of Appeals for Franklin County for mandamus relief, contending that Knight's report did not support the commission's decision. The appellate court denied the writ.

The cause is now before this court upon an appeal as of right.

Vorys, Sater, Seymour & Pease, Thomas M. Taggart and Anne C. Griffin, for appellant.

James R. Nein and Brian W. Harter, for appellee Wolfe.

Lee Fisher, Attorney General, and Richard A. Hernandez, Assistant Attorney General, for appellee Industrial Commission.

Per Curiam. While claimant's nonmedical factors are mentioned, the commission's decision clearly rests on Dr. Knight's report. OCF alleges multiple defects in the report -- either alone or in tandem with Knight's deposition -- which OCF claims negates the document's evidentiary value.

Among other allegations, OCF asserts that Knight retracted any opinion as to permanent total impairment in a subsequent deposition. OCF bases this allegation on the following exchange:

"Q. [OCF] Are you aware of Deloris Wolfe's current medical treatment requirements?

"A. [Doctor] No.

"Q. Do you know what medication she is currently taking, if any?

"A. No.

"* * *

"Q. And with respect to whether this patient can perform some form of remunerative employment, would you agree that a physician who practices pulmonary medicine who is currently treating the patient would be in a better position to judge her ability to return to employment than are you?

"A. Certainly at this time in view of the length of time that's gone by.

"Q. Well, with respect to her current ability to work or her current limitations with respect to work, you don't have an opinion today in 1989 as to what limitation she might have; is that correct?

"A. I would have to agree with that."

The final question in the quoted excerpt gives rise to OCF's claim. OCF interprets Knight's response as an admission that he doesn't know whether claimant is still incapable of sustained remunerative employment. We consider this to be a

credible interpretation of that exchange.  Elsewhere in his testimony, however, Knight reaffirmed his opinion that claimant's condition was permanent.

To characterize Knight's testimony as a repudiation of the opinion expressed in his report requires removal of his report from evidentiary consideration.  State ex rel. Jennings v. Indus. Comm. (1982), 1 Ohio St.3d 101, 1 OBR 135, 438 N.E.2d 420.  Even a disability opinion that is merely equivocal is fatally defective.  State ex rel. Paragon v. Indus. Comm. (1983), 5 Ohio St.3d 72, 5 OBR 127, 448 N.E.2d 1372.

Given his reaffirmation of permanency, we cannot characterize Knight's testimony as an outright repudiation.  However, we do find that his ultimate disability opinion is fatally equivocal.  Therefore, pursuant to Paragon, we find that Dr. Knight's opinion is not "some evidence" supporting the commission's decision.

Accordingly, the judgment of the appellate court is reversed.

Judgment reversed.

Moyer, C.J., A.W. Sweeney, Wright, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas and Resnick, JJ., dissent.

Douglas, J., dissenting.    I respectfully dissent.  I would affirm the judgment of the court of appeals and support the decision of the Industrial Commission.  This is a "some evidence" case.  Artful cross-examination cannot change that fact.  The commission and the court of appeals found "some evidence."  We should not reverse such a decision especially where, as the majority finds, a doctor, Dr. Knight, "reaffirmed his opinion that claimant's condition was permanent."

Resnick, J., concurs in the foregoing dissenting opinion.