THE STATE EX REL. DAVIS, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Davis v. Indus. Comm.* (1996), 76 Ohio St.3d 72.]

(No. 94–1494—Submitted May 7, 1996—Decided July 17, 1996.)

74

*Kondritzer, Gold, Frank & Crowley Co., L.P.A.,* and *Edward C. Ahlers,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellees.

*Per Curiam.* Claimant agrees with the appellate court's determination that the commission's order did not satisfy *Noll.* He disputes its decision to return the cause to the commission for further consideration. For the reasons to follow, we reverse the judgment of the court of appeals.

A commission order "must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision. An order of the

commission should make it readily apparent from the four corners of the decision that there is some evidence supporting it. * * *

"[T]he commission [bears a] responsibility to prepare fact-specific orders which will be meaningful upon review." *Noll, supra,* 57 Ohio St.3d at 206, 567 N.E.2d at 248.

*Noll* is minimally satisfied in a denial order when the order explains how the medical and nonmedical factors combine to produce a claimant who is capable of work. In some cases, little discussion is required since the medical condition alone prevents sustained remunerative employment. Most applicants, however, are medically capable of some work, which elevates the importance of claimant's nonmedical capabilities. As stated in *State ex rel. Lawrence v. Am. Lubricants Co.* (1988), 40 Ohio St.3d 321, 322, 533 N.E.2d 344, 346:

"[A] person's medically based capacity for certain employment is immaterial if age, work experience or education forecloses him or her from such employment."

Here, the commission classified all of claimant's nonmedical factors as unfavorable. This dictates one conclusion in this case—that claimant's nonmedical profile is not conducive to retraining/re-employment into a position other than his former one, to which he cannot return because of his medical condition. It is, therefore, immaterial, under *Lawrence,* that claimant is medically capable of other work.

We find, therefore, that claimant is entitled to relief consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.

Accordingly, the judgment of the court of appeals is reversed. We hereby order the commission to issue an entry granting permanent total disability compensation.

*Judgment reversed
and writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.