[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 72.]

THE STATE EX REL. DAVIS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Davis v. Indus. Comm.*, 1996-Ohio-154.]

*Workers' compensation—Industrial Commission's denial of permanent total disability compensation an abuse of discretion when claimant's nonmedical profile is not conducive to retraining/re-employment into a position other than his former one, to which he cannot return because of his medical condition.*

(No. 94-1494—Submitted May 7, 1996—Decided July 17, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD06-914.

———————————

{¶ 1} Appellant-claimant, Earl Davis, was injured in the course of and arising from his employment with Triple Masonry. His workers' compensation claim was allowed for "acute lumbar strain, L4-5 disc herniation." In 1989, claimant applied to appellee Industrial Commission of Ohio for permanent total disability compensation.

{¶ 2} Several reports were before the commission. Dr. W. Jerry McCloud stressed claimant's radicular problems and opined that claimant could not do sustained remunerative employment. Dr. Milton B. Lambert concurred, but partially based his conclusion on a nonallowed arthritic condition. Dr. Clarence J. Louis found a forty percent permanent partial impairment that prevented claimant's return to his former position of employment. Dr. Louis did, however, find that claimant could do some sustained remunerative employment, but did not discuss any potential limitations on that ability.

{¶ 3} In his vocational evaluation of claimant, Michael T. Farrell, Ph.D. concluded:

"In my opinion, based upon the results of this evaluation and the information provided/reviewed, Mr. Davis is permanently and totally disabled. The reasoning for this is as follows: First, Mr. Davis is unable to resume his previous work activities * * *. Secondly, Mr. Davis' work history is long term and consistent, but is limited [to] unskilled labor. Employment as a hod carrier results in no transferable skills. Thirdly, he has a limited eighth grade education, is intellectually surpassed by 88% of the general population, has academic abilities at the early to mid-elementary school level, and has no appreciable vocational skills as measured by this evaluation. Subsequently [*sic.*], he would be a poor risk for vocational rehabilitation. Fourthly, it is my opinion that Mr. Davis is a genuinely motivated individual and would prefer to re-enter the job market if he possibly could. Fifth, given his 51 years of age and the lack of variety in job duties, it is further my opinion that Mr. Davis would have significant difficulty adjusting to sedentary employment. Additionally, it should be noted that sedentary employment requires the ability to sit six of eight hours a day and I doubt if Mr. Davis has the physical ability to do this. In summary, it appears that Mr. Davis is limited to a small range of unskilled sedentary positions which would allow movement at will. It is not recommended that he work around machinery or where he is required to do much reaching. Even given his ability to vocationally adjust, the job possibilities, given his physical and mental limitations, do not appear to be in significant numbers in the local economy."

{¶ 4} The commission's rehabilitation division found claimant to be a poor candidate for retraining as well, stating:

"Based on Mr. Davis' vocational screening, prognosis for future vocational rehabilitation services appears to be poor at [this] time. Significant barriers in returning to work include: decreased physical capacities, limited education, narrow scope of vocational experiences, medication usage, age, deconditioned state, financial disincentive, and lack of interest in rehabilitation services. Rehabilitation

services were discussed with Mr. Davis and the claimant expressed a lack of interest in participating. Mr. Davis stated, 'I don't think I can cope in that.'"

**{¶ 5}** After lengthy administrative and judicial proceedings, the commission denied permanent total disability compensation in 1993, writing:

"The medical report(s) of Dr.(s) McCloud, Lambert and Louis were reviewed and evaluated. The findings and order are based particularly on the medical report(s) of Dr.(s) Louis, the evidence in the file and the evidence adduced at hearing.

"The January 3, 1991, report from Dr. Louis (Neurologist examining at the request of the Industrial Commission) stated [that] the claimant had only a 40% permanent partial impairment due to the allowed conditions in this industrial claim. Significantly, Dr. Louis' testing found only a moderate loss of thoracolumbar range of motion. The deep tendon reflexes were symmetrical and normoactive in the knees and ankles bilaterally. Another testing result showed extensor hallucis [*sic*, halluces] function was present bilaterally along with foot inversion, eversion, dorsiflexion and plantar flexion. The sensory exam from L2 through S1 was performed bilaterally and no asymmetries were noted. He concluded by stating [that] the claimant was capable of performing sustained remunerative employment. With consideration of these minimal impairment findings by Dr. Louis[,] the claimant would be able to return to some form of sustained remunerative employment. The claimant's age (56), education (completed 9th grade) and prior work history (Railroad laborer, construction laborer and hod carrier) might possibly hinder a rehabilitation and retraining program to return the claimant to work. However, his medical impairment from the allowed conditions as found by Dr. Louis in this claim would not prohibit a rehabilitation and retraining effort. Another significant factor is [that] the claimant was 44 years old when he last worked and there is no indication of attempts at retraining or finding work during this period."

**{¶ 6}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying permanent total disability compensation. The court of appeals found that the order violated *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St. 3d 203, 567 N.E.2d 245, and ordered the commission to reconsider.

**{¶ 7}** This cause is now before this court upon an appeal as of right.

_____

*Kondritzer, Gold, Frank & Crowley Co., L.P.A.,* and *Edward C. Ahlers*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellees.

_____

***Per Curiam.***

**{¶ 8}** Claimant agrees with the appellate court's determination that the commission's order did not satisfy *Noll*. He disputes its decision to return the cause to the commission for further consideration. For the reasons to follow, we reverse the judgment of the court of appeals.

**{¶ 9}** A commission order "must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision. An order of the commission should make it readily apparent from the four corners of the decision that there is some evidence supporting it. * * *

**{¶ 10}** "[T]he commission [bears a] responsibility to prepare fact-specific orders which will be meaningful upon review." *Noll, supra,* 57 Ohio St.3d at 206, 567 N.E.2d at 248.

**{¶ 11}** *Noll* is minimally satisfied in a denial order when the order explains how the medical and nonmedical factors combine to produce a claimant who is capable of work. In some cases, little discussion is required since the medical condition alone prevents sustained remunerative employment. Most applicants,

however, are medically capable of some work, which elevates the importance of claimant's nonmedical capabilities. As stated in *State ex rel. Lawrence v. Am. Lubricants Co.* (1988), 40 Ohio St.3d 321, 322, 533 N.E.2d 344, 346:

"[A] person's medically based capacity for certain employment is immaterial if age, work experience or education forecloses him or her from such employment."

{¶ 12} Here, the commission classified all of claimant's nonmedical factors as unfavorable. This dictates one conclusion in this case -- that claimant's nonmedical profile is not conducive to retraining/re-employment into a position other than his former one, to which he cannot return because of his medical condition. It is, therefore, immaterial, under *Lawrence,* that claimant is medically capable of other work.

{¶ 13} We find, therefore, that claimant is entitled to relief consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.

{¶ 14} Accordingly, the judgment of the court of appeals is reversed. We hereby order the commission to issue an entry granting permanent total disability compensation.

*Judgment reversed*
*and writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____