THE STATE EX REL. OWENS-CORNING FIBERGLAS CORPORATION, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Owens–Corning Fiberglas Corp.*
*v. Indus. Comm.* (1994), 70 Ohio St.3d 263.]

(No. 93–1045—Submitted June 15, 1994—Decided September 14, 1994.)

264

*Vorys, Sater, Seymour & Pease, Thomas M. Taggart* and *Anne C. Griffin,* for appellant.

*James R. Nein* and *Brian W. Harter,* for appellee Wolfe.

*Lee Fisher,* Attorney General, and *Richard A. Hernandez,* Assistant Attorney General, for appellee Industrial Commission.

*Per Curiam.* While claimant's nonmedical factors are mentioned, the commission's decision clearly rests on Dr. Knight's report. OCF alleges multiple defects in the report—either alone or in tandem with Knight's deposition—which OCF claims negates the document's evidentiary value.

Among other allegations, OCF asserts that Knight retracted any opinion as to permanent total impairment in a subsequent deposition. OCF bases this allegation on the following exchange:

"Q. [OCF] Are you aware of Deloris Wolfe's current medical treatment requirements?

"A. [Doctor] No.

"Q. Do you know what medication she is currently taking, if any?

"A. No.

" * * *

"Q. And with respect to whether this patient can perform some form of remunerative employment, would you agree that a physician who practices pulmonary medicine who is currently treating the patient would be in a better position to judge her ability to return to employment than are you?

"A. Certainly at this time in view of the length of time that's gone by.

"Q. Well, with respect to her current ability to work or her current limitations with respect to work, you don't have an opinion today in 1989 as to what limitation she might have; is that correct?

"A. I would have to agree with that."

The final question in the quoted excerpt gives rise to OCF's claim. OCF interprets Knight's response as an admission that he doesn't know whether claimant is still incapable of sustained remunerative employment. We consider this to be a credible interpretation of that exchange. Elsewhere in his testimony, however, Knight reaffirmed his opinion that claimant's condition was permanent.

To characterize Knight's testimony as a repudiation of the opinion expressed in his report requires removal of his report from evidentiary consideration. *State ex rel. Jennings v. Indus. Comm.* (1982), 1 Ohio St.3d 101, 1 OBR 135, 438 N.E.2d 420. Even a disability opinion that is merely equivocal is fatally defective. *State ex rel. Paragon v. Indus. Comm.* (1983), 5 Ohio St.3d 72, 5 OBR 127, 448 N.E.2d 1372.

Given his reaffirmation of permanency, we cannot characterize Knight's testimony as an outright repudiation. However, we do find that his ultimate disability

opinion is fatally equivocal.  Therefore, pursuant to *Paragon,* we find that Dr. Knight's opinion is not "some evidence" supporting the commission's decision.

Accordingly, the judgment of the appellate court is reversed.

*Judgment reversed.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

DOUGLAS, J., dissenting.  I respectfully dissent.  I would affirm the judgment of the court of appeals and support the decision of the Industrial Commission.  This is a "some evidence" case.  Artful cross-examination cannot change that fact. The commission and the court of appeals found "some evidence."  We should not reverse such a decision especially where, as the majority finds, a doctor, Dr. Knight, "reaffirmed his opinion that claimant's condition was permanent."

RESNICK, J., concurs in the foregoing dissenting opinion.