THE STATE EX REL. MALINOWSKI, APPELLEE, *v.* HORDIS BROTHERS, INC.; INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Malinowski v. Hordis Bros., Inc.* (1997), 79 Ohio St.3d 342.]

(No. 95–451—Submitted May 20, 1997—Decided August 6, 1997.)

344

*Daniel D. Connor Co., L.P.A., Daniel D. Connor* and *Kenneth S. Hafenstein,* for appellee.

*Betty D. Montgomery,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for appellant.

*Per Curiam.* The commission determined that claimant was physically capable of sedentary work. It based its conclusion on reports from Drs. Matrka and Brown. The court of appeals, however, ruled that those reports were not "some evidence" supporting a sedentary-work capability. We affirm that judgment.

Dr. Matrka opined that claimant could do sedentary work *if* (1) he successfully completed rehabilitation and (2) he underwent the treatment program recommended by Dr. Leak. Unfortunately, the commission's unexplained delay in responding to claimant's treatment authorization request delayed claimant's participation in either rehabilitation or Dr. Leak's treatment regimen. By now, claimant may have completed both programs, but the record is silent in this regard. Thus, in the absence of evidence that either condition precedent has been met, reliance on Dr. Matrka's report as "some evidence" supporting claimant's ability to perform sedentary tasks is premature.

Dr. Brown's report is also problematic. At issue is the following passage:

"This man has had two surgical procedures on his back without help. It is my opinion he is not able to return to his former position of employment. This is permanent. He has reached maximum medical recovery. I would consider his impairment to be of moderate degree, 45%. There *would* be some forms of employment he *might* be able to engage in using his hands and arms. He *would* be on a limit of lifting 10 lbs. and should not do prolonged standing or bending." (Emphasis added.)

The court of appeals concluded that Dr. Brown's use of the word "might" denoted uncertainty, which disqualified the report as too equivocal, citing *State ex rel. Owens–Corning Fiberglas Corp. v. Indus. Comm.* (1994), 70 Ohio St.3d 263, 638 N.E.2d 565.[1] It is difficult to tell whether Dr. Brown is expressing uncertain-

---

1. The present case, technically, does not fit the facts of *Owens–Corning Fiberglas* or the two cases that preceded it— *State ex rel. Jennings v. Indus. Comm.* (1982), 1 Ohio St.3d 101, 1 OBR 135, 438 N.E.2d 420, and *State ex rel. Paragon v. Indus. Comm.* (1983), 5 Ohio St.3d 72, 5 OBR 127, 448

ty as to claimant's ability to even use his hands and arms productively or whether. he believes that claimant can use his arms and hands, but questions the existence of jobs that can accommodate him. If Dr. Brown is stating the former, it is difficult to read his report as "some evidence" supporting the denial of permanent total disability compensation since claimant's ability to use his hands and arms was a prominent factor in the commission's decision. If, on the other hand, Dr. Brown is making a definitive statement as to claimant's physical abilities accompanied by gratuitous speculation as to job availability, his report could be "some evidence" supporting the commission's order. The availability of different interpretations, in this case, disqualifies the report from evidentiary consideration.

The court of appeals determined that relief pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, would not be proper in this situation. We agree and find it more appropriate to return the cause to the commission for further consideration. As noted earlier, claimant may have by now completed rehabilitation and Dr. Leak's treatment program. The success or failure of claimant's participation will have a significant effect on his eligibility for permanent total disability compensation, since Dr. Matrka stated that successful completion of both programs would render claimant employable. It must also be remembered that claimant was only age forty-three when permanent total disability compensation was denied and that, as claimant states, while drawing temporary total disability compensation earlier, he secured his GED. This suggests that claimant is a motivated individual who, if successfully treated by Dr. Leak, may have reemployment potential.

For these reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

N.E.2d 1372—since, rather than dealing with two distinct yet inconsistent physician statements as in the cited cases, this action involves one statement that can be read two ways.