DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, William E. Bowes, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its order that denied his application for permanent total disability compensation, and to order the commission to issue a new order granting such compensation.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided the requested writ of mandamus should be denied. Relator has filed objections to the magistrate's decision.
 {¶ 3} In his objections, relator repeats essentially the same arguments that were considered and rejected by the magistrate. Relator argues that the report of Dr. Oscar F. Sterle, on which the commission relied, is internally inconsistent and is not some evidence to support its decision finding he is not permanently totally disabled. Dr. Sterle opined that relator had a low level of impairment and was able to do sedentary work. Considering the facts of this case, it is not necessarily inconsistent to say that relator can do at least sedentary work with a low level of impairment. Further, even if we were to agree with relator, he is not entitled to a writ of mandamus, pursuant to State ex rel.Gay v. Mihm (1994), 68 Ohio St.3d 315, inasmuch as the report of Dr. Joseph B. Masternick, on which relator relies, is equally inconsistent in that Dr. Masternick finds relator is permanently totally disabled but can also do sedentary work.
 {¶ 4} Upon a review of the magistrate's decision and an independent review of the record, this court adopts the magistrate's decision as its own. Relator's objections to the magistrate's decision are overruled, and the requested writ of mandamus is denied.
Objections overruled, writ of mandamus denied.
Petree and Klatt, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. William E. Bowes, : Relator, : v. : No. 03AP-1248 Vindicator Printing Company and : (REGULAR CALENDAR) Industrial Commission of Ohio, : Respondents. :
 MAGISTRATE'S DECISION Rendered on April 30, 2004 Green Haines Sgambati Co., L.P.A., Ronald E. Slipski andShawn D. Scharf, for relator.
Roetzel Andress, and Doug S. Musick, for respondent Vindicator Printing Company.
Jim Petro, Attorney General, and Dennis H. Behm, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 5} Relator, William E. Bowes, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio Respondents. ("commission") to vacate its order which denied his application for permanent total disability ("PTD") compensation, and ordering the commission to find that he is entitled to that compensation.
Findings of Fact:
 {¶ 6} 1. Relator sustained two work-related injuries during the course of his employment with respondent Vindicator Printing Company ("employer"). The first injury occurred in 1984 and relator's claim was recognized for the following allowed conditions: "lumbosacral sprain and strain; contusion cervical spine." Relator returned to work after this injury. Later, in 1997, relator sustained a second injury, which has been allowed for the following conditions: "cervical sprain/strain; lumbosacral sprain/strain; left knee sprain/strain; tear medial meniscus left knee-current, left."
 {¶ 7} 2. Relator underwent arthroscopic surgery on his left knee and has not returned to work.
 {¶ 8} 3. On September 21, 2001, relator filed his application for PTD compensation. Relator's application was supported by the September 4, 2001 report of his treating physician, Dr. Joseph B. Masternick, who opined as follows:
After reviewing the MRIs and CAT scans of the patient's cervical and lumbar spines, and after examining the patient, it is my opinion that the patient is permanently and totally impaired from any gainful employment as a result of the above conditions. It is also my medical opinion, within a reasonable degree of medical probability, that the patient cannot do sedentary work for more than a couple of hours of the day at this time.
 {¶ 9} 4. An independent medical examination was performed by Dr. Oscar F. Sterle, who issued a report dated October 3, 2002. After noting his objective findings, Dr. Sterle concluded as follows:
The objective finding on examination of the lumbosacral spine is restriction of motion, which is secondary to arthritis of the lumbar spine. There is no evidence of lumbar radiculopathy, although both Achilles reflexes are absent.
There are no residual objective findings for the allowed condition of torn medial meniscus, left knee. There is full range of motion of the left knee.
Objective findings on examination of the cervical spine shows limitation in the range of motion of the neck and absence of the left triceps and brachioradialis reflex of the left upper limb. These findings are consistent with his pre-existing condition of cervical spondylosis (arthritis of the neck) with radiculopathy.
The limitation of the range of motion of the lumbar and cervical spine is secondary to arthritic changes and pre-existing conditions and is not considered in my impairment estimate.
The claimant sustained a sprain/strain of the neck and lumbosacral spine, which are soft tissue conditions and are long since resolved.
The claimant underwent arthroscopic debridement of the medical meniscus for the allowed condition of torn medial meniscus and under the Diagnosis Based Estimate for partial medial meniscectomy, resulting in a 1% impairment of the whole person. (Table 64, page 85). [For the tear of the medial meniscus, left knee.]
* * *
The claimant is capable of sustained remunerative employment within the limits indicated on the OAA form when considering only the allowed calm [sic] conditions.
 {¶ 10} Dr. Sterle concluded that relator was capable of performing sedentary employment as such is defined in the Ohio Administrative Code.
 {¶ 11} 5. An employability assessment report was prepared by Christy L. Vogelsang, M.Ed., CRC, CCM, dated November 25, 2002. Based upon the report of Dr. Masternick, Ms. Vogelsang concluded that relator was not employable. However, based upon the medical report of Dr. Sterle, Ms. Vogelsang concluded that relator could perform the following jobs: service clerk, operator, charger, dispatcher, reader, and addresser. Ms. Vogelsang saw relator's age of 67 years to be a negative factor but his high school education and his prior work history as positive factors.
 {¶ 12} 6. Relator's application was heard before a staff hearing officer ("SHO") on January 2, 2003, and resulted in an order denying his application for PTD compensation. The SHO relied upon the medical report of Dr. Sterle and concluded that relator was capable of performing work at a sedentary level. The SHO also relied upon the vocational report of Ms. Vogelsang and ultimately concluded that whatever negative impact relator's age has upon his employability, it is far outweighed by his work and educational attainments. (The commission's record is found at pages 1 through 3 of the record for the court's review.)
 {¶ 13} 7. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 14} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. Stateex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewisv. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 15} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus.Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephensonv. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v.Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v.Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 16} In this mandamus action, relator contends that the commission abused its discretion by relying upon the report of Dr. Sterle. Relator argues that the report of Dr. Sterle is so internally inconsistent that, as a matter of law, it cannot constitute "some evidence" upon which the commission could rely. For the reasons that follow, this magistrate disagrees.
 {¶ 17} Relator is correct in asserting that equivocal or inconsistent medical reports do not constitute some evidence upon which the commission could rely. State ex rel. Paragon v. Indus.Comm. (1983), 5 Ohio st.3d 72; State ex rel. Owens-CorningFiberglas Corp. v. Indus. Comm. (1994), 70 Ohio St.3d 263;State ex rel. Eberhardt v. Flxible Corp. (1994),70 Ohio St.3d 549. Relator contends that Dr. Sterle's report is so internally inconsistent that it cannot constitute some evidence. Relator points out that Dr. Sterle restricted relator solely to sedentary work and yet only assessed a one percent whole person impairment. Relator contends that this one percent whole person impairment is completely inconsistent with the opinion that relator is limited to sedentary work. Relator cites State ex rel. Taylor v. Indus.Comm. (1995), 71 Ohio St.3d 582, in support.
 {¶ 18} In Taylor, the claimant's own physicians had concluded that he was permanently and totally disabled. The commission relied upon the medical report of Dr. Katz who had found no objective findings and yet concluded that the claimant had a 50 percent permanent partial impairment. The Supreme Court of Ohio determined that Dr. Katz's statements that claimant had no objective findings was inconsistent with his assessing a 50 percent degree of impairment based upon the allowed conditions. The commission concluded that it was inconsistent to have typically normal physical findings with a high degree of impairment.
 {¶ 19} In the present case, relator argues that the converse should be true. Since Dr. Sterle only assessed a one percent impairment, relator argues that it was inconsistent for him to limit relator to sedentary work. However, given that facts of this case, this magistrate disagrees.
 {¶ 20} Relator's claim has been allowed for several different strains: cervical strain/sprain; lumbosacral strain/sprain; left knee strain/sprain; and contusion of the cervical spine. It has also been allowed for tear of the medial meniscus of the left knee. In his report, Dr. Sterle opined that the various strain/sprains which relator has sustained as a result of his work-related injuries have resolved. Dr. Sterle did note that relator had some underlying degenerative changes, such as arthritis, which affected his range of motion but which were not allowed conditions. As such, Dr. Sterle concluded that the only allowed condition for which relator currently has any impairment at all is his left knee. The record reflects that relator had arthroscopic surgery on his left knee and there is nothing in the record to show that that surgery had not been successful. As such, the fact that Dr. Sterle assessed only a one percent impairment is not inconsistent with his physical findings. Furthermore, limiting relator to sedentary work is not necessarily inconsistent with opining that he has a one percent impairment. Although the record indicates that relator had been employed delivering newspapers and unloading them from a truck, there is no evidence in the file indicating the strength level necessary for that job. Limiting him to sedentary work now might not be that different from the strength level at which he was most recently employed.
 {¶ 21} Based on the foregoing, this magistrate concludes that relator has not demonstrated that the commission abused its discretion in denying his application for PTD compensation and relator's request for a writ of mandamus should be denied.
 /s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE