THE STATE EX REL. CORONA, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Corona v. Indus. Comm.* (1998), 81 Ohio St.3d 587.]

(No. 95–1539—Submitted March 3, 1998—Decided May 6, 1998.)

588

*Gibson, Brelo, Ziccarelli & Martello* and *Robert A. Boyd,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Jeffrey B. Duber,* Assistant Attorney General, for appellants.

*Per Curiam.* Absent a medical inability by claimant to do any sustained remunerative work, the commission in determining permanent total disability must consider two components—medical and nonmedical. *State ex rel. Lawrence v. Am. Lubricants Co.* (1988), 40 Ohio St.3d 321, 533 N.E.2d 344. A clear indication by the commission of the residual medical capacities it believes the claimant to possess is vital to a nonmedical review, for it is within this framework that vocational factors are analyzed. The lack of a high school diploma may be far less significant to a claimant who is still capable of physical labor than to a claimant who is now limited to desk work.

It is within this context that a *Noll* "remand" may be justified. The commission in this case expressly accepted two medical conclusions: (1) that claimant was limited to light work and (2) that claimant could lift up to fifty pounds. However, these findings are inconsistent. If claimant can lift up to fifty pounds, he is capable of more than light work. He would be excluded only from heavy labor—sedentary, light, and medium work would be within his abilities.

It is critical that the commission clarify its position in this case, given claimant's nonmedical profile. Claimant has limited education and a work history of physical labor. If claimant can do all but the heaviest work, then his background may be a minimal impediment to a return to work. If claimant is limited to light work, however, then his background might preclude employment.

The judgment of the court of appeals is affirmed, and the cause is returned to the commission for further consideration and amended order.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.