[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 587.]

THE STATE EX REL. CORONA, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Corona v. Indus. Comm.*, 1998-Ohio-605.]

*Workers' compensation—Industrial Commission's order denying application for permanent total disability compensation does not satisfy requirements of Noll and is returned for further consideration and amended order, when.*

(No. 95-1539—Submitted March 3, 1998—Decided May 6, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD06-813.

_____

{¶ 1} Appellee-claimant, Gennaro Corona, was injured in the course of and arising from his employment with Pioneer Contracting Corporation. His workers' compensation claims have collectively been allowed for "contusion to lumbar spine with secondary muscular spasms; dysthymic disorder; deep laceration right hand, laceration chest."

{¶ 2} In 1991, he moved appellant Industrial Commission of Ohio for permanent total disability compensation. He accompanied his application with the report of Ralph J. Siegenthaler, D.C., who certified claimant's inability to work. Commission specialist Dr. W. Jerry McCloud found claimant to lack objective lumbar symptoms other than a loss of flexion. He restricted claimant from repetitive bending and lifting in excess of fifty pounds. Claimant's permanent partial impairment from his laceration was set at five percent.

{¶ 3} Commission specialist Dr. Donald L. Brown evaluated claimant's psychiatric condition. Dr. Brown found "only a very mild indication of depression." He nevertheless assessed a twenty-five to twenty-eight percent permanent partial impairment, which he felt would not impede claimant's employment or rehabilitation.

**{¶ 4}** Combined-effects reviews from Drs. Paul H. Dillahunt and J.J. Fierra assessed permanent partial impairments of sixty percent and eighty-five percent, respectively. Dr. Fierra felt that claimant was incapable of sustained remunerative employment.

**{¶ 5}** Claimant also submitted a vocational report from William L. Fink. Dr. Fink felt that Dr. Dillahunt's assessment coupled with claimant's nonmedical factors precluded work.

**{¶ 6}** The commission denied permanent total disability compensation, writing:

"The findings and order are based particularly on the medical reports of Dr(s). McCloud, J.Q. Brown, D.L. Brown and Dillahunt, the evidence in the file and the evidence at hearing.

"This 54 year old claimant has two active workers' compensation claims. Treatment in both of these claims has been conservative. It is also noted that the claimant worked for 7 and 8 years after the industrial injuries and quit for some reason at the age of 46. Medical evidence on file reveals the claimant's physical presentation permits him to engage in light duty work activity. W. Jerry McCloud, M.D., orthopedic specialist, indicated his only positive physical finding was a loss of forward flexion. He placed a restriction of no repetitive bending and lifting of objects over 50 pounds. John Q. Brown, M.D., orthopedic specialist, concluded the claimant is capable of performing light work. These opinions of ability to perform light work and lift up to 50 pounds by two examining orthopedic specialists are found to be more persuasive than the restrictions indicated by Dr. Dillahunt. From a psychiatric perspective, D.L. Brown, M.D., psychiatrist, indicated the psychiatric impairment is not work prohibitive. Dr. D.L. Brown recommended rehabilitation to light or sedentary work activity. Therefore, the Commission finds the medical evidence supports the conclusion that the claimant is capable of light duty work activity.

"A review of the claimant's vocational presentation leads the Commission to conclude that the claimant does possess the requisite skills to perform light duty work activity. While it is noted that the claimant's work history has existed primarily as a heavy construction laborer, the Commission finds that with a 5th grade education and at 54 years old[,] the claimant would be capable of adjusting to reduced capacity employment. The claimant attended school through the 5th grade in Italy. He has demonstrated the ability to learn a new language (English) and learn to operate construction equipment including an air hammer. The Commission finds the claimant will be capable of undertaking an on-the-job training program to enable him to return to the active work force in a light duty capacity. Supportive of this is the fact that the claimant is 54 years of age and has at least 11 years of industrial life remaining and the positive recommendation for rehabilitation by D.L. Brown, M.D. Accordingly, the Commission finds the evidence to relate that the claimant possesses the ability to adapt to and perform light duty levels of employment such that the claimant is capable of engaging in sustained remunerative employment. Therefore, the instant application for permanent total disability is denied."

{¶ 7} Claimant filed a complaint in mandamus in Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying him permanent total disability compensation. The court of appeals ruled that the commission's order did not satisfy *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, and returned the cause for further consideration and amended order.

{¶ 8} This cause is now before this court upon an appeal as of right.

───────────────

*Gibson, Brelo, Ziccarelli & Martello* and *Robert A. Boyd*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Jeffrey B. Duber*, Assistant Attorney General, for appellants.

_____

***Per Curiam.***

**{¶ 9}** Absent a medical inability by claimant to do any sustained remunerative work, the commission in determining permanent total disability must consider two components—medical and nonmedical. *State ex rel. Lawrence v. Am. Lubricants Co*. (1988), 40 Ohio St.3d 321, 533 N.E.2d 344.  A clear indication by the commission of the residual medical capacities it believes the claimant to possess is vital to a nonmedical review, for it is within this framework that vocational factors are analyzed.  The lack of a high school diploma may be far less significant to a claimant who is still capable of physical labor than to a claimant who is now limited to desk work.

**{¶ 10}** It is within this context that a *Noll* "remand" may be justified.  The commission in this case expressly accepted two medical conclusions: (1) that claimant was limited to light work and (2) that claimant could lift up to fifty pounds.  However, these findings are inconsistent.  If claimant can lift up to fifty pounds, he is capable of more than light work.  He would be excluded only from heavy labor— sedentary, light, and medium work would be within his abilities.

**{¶ 11}** It is critical that the commission clarify its position in this case, given claimant's nonmedical profile.  Claimant has limited education and a work history of physical labor.  If claimant can do all but the heaviest work, then his background may be a minimal impediment to a return to work.  If claimant is limited to light work, however, then his background might preclude employment.

**{¶ 12}** The judgment of the court of appeals is affirmed, and the cause is returned to the commission for further consideration and amended order.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____