DECISION
{¶ 1} Relator, James Snook, commenced this original action requesting this court to issue a writ of mandamus compelling respondent Industrial Commission of Ohio ("commission") to vacate its order denying compensation for permanent total disability ("PTD") and to issue a new order that reflects an adequate evaluation of the medical and nonmedical factors as required byState ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, and State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate has determined that the commission failed to provide a minimally adequate explanation of how the medical and nonmedical factors, when combined, permit relator to perform sustained remunerative employment as required by Noll and Stephenson, supra. The magistrate noted that the commission failed to indicate whether the relator's age was a positive factor, negative factor, or neutral factor with regard to employability. The commission also failed to explain whether relator's level of education was favorable or unfavorable for re-employment when viewed in light of the medical limitations. The magistrate indicated that the commission ignored relator's work history entirely. Accordingly, the magistrate has recommended that this court grant a limited writ to return this matter to the commission, to vacate its denial of PTD, and to issue a new order granting or denying compensation that provides a sufficient explanation as required by Noll and Stephenson, supra.
 {¶ 3} No objections have been filed to the magistrate's decision.
 {¶ 4} Finding no error or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we grant a limited writ of mandamus and return this matter to the commission to vacate its denial of PTD compensation, and to issue a new order granting or denying compensation that provides a sufficient explanation as required by Noll and Stephenson, supra.
Limited writ of mandamus granted.
Petree and Wright, JJ., concur.
Wright, J., retired, of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. James Snook, : Relator, : v. : No. 03AP-301 Dayton Forging Heat Treating Co. : (REGULAR CALENDAR) and The Industrial Commission of Ohio, : :
Respondents. :
 MAGISTRATE'S DECISION Rendered on August 28, 2003 IN MANDAMUS {¶ 5} In this original action in mandamus, relator, James Snook, asks the court to issue a writ compelling respondent Industrial Commission of Ohio ("commission") to vacate its order denying compensation for permanent total disability ("PTD") and to issue a new order that provides an adequate evaluation of the medical and nonmedical factors in compliance with the requirements set forth in State ex rel. Noll v. Indus. Comm.
(1991), 57 Ohio St.3d 203, and State ex rel. Stephenson v.Indus. Comm. (1987), 31 Ohio St.3d 167.
 Findings of Facts {¶ 6} 1. In July 2002, James Snook ("claimant") filed a PTD application based on his allowed conditions of lumbosacral strain, herniated disc at L5-S1, and dysthymic disorder with related anxiety. He filed a medical report from Stephen N. Buffington, D.O.
 {¶ 7} 2. In September 2002, claimant was examined on behalf of the commission by James T. Lutz, M.D., who found general tenderness without muscle spasm in the sacral area and decreased sensation in the right lower extremity. Dr. Lutz found that claimant could heel/toe walk but that his ability to squat was restricted. He estimated a 10% impairment and opined that claimant could perform sedentary work.
 {¶ 8} 3. In September 2002, claimant was examined on behalf of the commission by Earl F. Greer, Ed.D., with regard to the claimant's psychological condition. Claimant reported that he had been receiving monthly treatment and that no psychotropic medication had been prescribed. In regard to the mental status examina-tion, Dr. Greer stated:
During the interview, the claimant's general appearance was cooperative and appropriate, friendly; with some mild indications of anxiety and tension. The claimant also appeared slightly unkept. His mood and affect appeared mild to moderately depressed; with indications of self-devaluation and significant
unresolved anger in the content of his thoughts. His stream of thought was sequential, with no present indications of hallucinations or delusions; and he was oriented to time, place, and circumstances. His general intellectual level of functioning presently appeared to be in the low average range of functioning. Concentration, persistence in pace, and adaptation were appropriate.
(Emphasis sic.)
 {¶ 9} In regard to the MMPI-2, Dr. Greer stated that the test results showed either a deliberate attempt to exaggerate symptoms or a significant difficulty in understanding the task. However, Dr. Greer stated that, with test scores such as those obtained by claimant, one would expect the subject to display somatic overconcern, complaints of blurred vision, dizziness, numbness and headaches, difficulty with concentration and poor memory, feelings of unreality and emotional inappropriateness, and a tendency to exaggerate or focus on physical or somatic concerns, particularly when under perceived stress. In addition, Dr. Greer found a pattern of internalizing and maintaining angry feelings with indications of significant unresolved anger.
 {¶ 10} Dr. Greer stated that he reviewed medical reports from Drs. Green, Mikutis, Chavez, Showalter, Madrigal, Shaffer, Boerger, Greenwald, Tosi and Sacks. He concluded that claimant appeared to be experiencing psychological symptoms, with the current clinical picture described as a dysthymic disorder including symptoms of depression, anxiety-tension, thought disorganization, and psychophysiological re-actions. With respect to the percentage of impairment and the capacity for work, Dr. Greer stated:
* * * His degree of permanent emotional impairment due to his industrial accident on 10-27-1993, * * * and with his social functioning, concentration, persistence in pace, adaptation, and demonstrated by his ability to report personal history, assess through his mental status exam and psychological tests. Presently estimated at Class III/25%.
* * * The degree of emotional impairment from his industrial accident on 10-27-1993 would currently not be expected to solely prevent him from returning to his former position of employment. Work would be expected to be therapeutic, enhancing self-worth; and with psychological intervention recommended to continue, and with any vocational re-adjustment recommended to be coordinated with psycho-logical intervention.
(Emphasis sic.)
 {¶ 11} Dr. Greer further opined that the psychological condition would not prevent claimant from returning to his former employment.
 {¶ 12} 4. Vocational reports were submitted by Michael T. Farrell, Ph.D., and Molly S. Williams.
 {¶ 13} 5. In February 2003, a PTD hearing was held before a staff hearing officer ("SHO"). The SHO accepted the medical opinions of Drs. Lutz and Greer. In describing Dr. Greer's report, the commission stated:
* * * Dr. Greer opined the injured worker's allowed psycho-logical condition to be permanent and to have reached maximum medical improvement. Dr. Greer opines the injured worker to have a 25% whole person impairment due to the allowed psychological condition and recommends continued treatment with vocational training. Dr. Greer further states that the injured worker is capable of returning to his former position of employment and does not provide any medical restrictions.
 {¶ 14} The SHO concluded that, based on the opinions of Drs. Lutz and Greer, claimant was capable of returning to sedentary employment.
 {¶ 15} Next, the commission described the report of Dr. Farrell:
Dr. Farrell finds that the injured worker's age, education and work history would not interfere with the injured worker's ability to return to entry level sedentary employment.
 {¶ 16} Next, the commission set forth its analysis with respect to the nonmedical/vocational factors:
The Staff Hearing Officer finds that the injured worker's allowed conditions, both orthopedic and psychological are permanent and have reached maximum medical improve-ment. The Staff Hearing Officer finds that the injured worker at 53 years of age is a person of middle age with a 12th grade education and a GED, who is capable of reading and writing and performing sedentary entry level job duties such as: reservation clerk, dispatcher, surveillance system monitor or information aide.
 {¶ 17} Last, the commission stated its conclusion:
The Staff Hearing Officer therefore finds that the injured worker is able to perform sustained remunerative employment and is not permanent total disability as a result of the allowed orthopedic and psychological conditions. Therefore, the permanent total disability application filed 07/10/2002, is denied.
This order is based on the reports of Dr. Lutz dated 9/23/02, Dr. Greer dated 9/24/02 and Dr. Farrell dated 11/13/02.
 Conclusions of Law {¶ 18} In this original action regarding the denial of PTD compensation, claimant argues that the commission abused its discretion in evaluating his medical factors in that it failed to give adequate consideration to the impairment caused by the psychological conditions. Second, claimant argues that, with respect to the nonmedical factors, the commission failed to provide an adequate explanation as required in Noll andStephenson. For the reasons set forth below, the magistrate concludes that claimant has met his burden of proof with respect to the second argument and therefore recommends that the court grant a limited writ of mandamus.
 {¶ 19} In his first argument, claimant argues that the commission's consideration of the medical factors was fatally flawed because the commission failed to state a reasonable summary of Dr. Greer's findings. Claimant argues that the commission abused its discretion when it simply stated that Dr. Greer found 25 percent impairment and "does not provide any medical restrictions." According to claimant, the commission had a duty to state in the order that Dr. Greer noted symptoms that were significant and to include a consideration of those symptoms in its discussion of whether claimant could perform sustained remunerative employment.
 {¶ 20} Claimant does not argue that the report of Dr. Greer must be disqualified from evidentiary consideration. Claimant does not argue that Dr. Greer's opinion cannot constitute "some evidence" on which the commission may rely. Rather, he takes issue with the commission's order and argues that the commission had a duty to describe the specific findings made by Dr. Greer regarding claimant's psychological symptoms.
 {¶ 21} Claimant does not cite authority for the proposition that the commission must summarize a doctor's report at any certain level of detail in order to demonstrate that the commission gave adequate consideration to the report. Indeed, the magistrate is unaware of precedent that requires the commission to recite any of the contents of the medical opinion on which it relies, although the commission usually sets forth a short summary. Current law essentially requires three things. First, the commission must state the claimant's residual medical capacity for work. If the claimant cannot return to the former work but has a residual medical capacity for some other type of work, the commission must state a finding of the claimant's residual medical capacity. See State ex rel. Corona v. Indus.Comm. (1998), 81 Ohio St.3d 587, 589 (where the commission stated that claimant was restricted to light work but could lift up to 50 pounds, the findings were contradictory because lifting up to 50 pounds is beyond the "light" category, and therefore the commission must clarify its finding as to medical capacity because a "clear indication by the commission of the residual medical capacities it believes the claimant to possess is vital to a nonmedical review"); State ex rel. Kinnebreu v. Clinic Ctr.Hotel (1998), 80 Ohio St.3d 688; State ex rel. Mt. Carmel v.Persichetti, Franklin App. No. 01AP-1177, 2002-Ohio-3069. In most cases, the commission satisfies its legal duty at a minimum by stating that it adopts the restrictions/capacities as set forth by a particular doctor or doctors; it need not recite all the relevant information in the report.
 {¶ 22} Second, the commission must list the medical evidence on which it relied. Noll, supra. Third, the medical report(s) on which the commission has based the order must constitute "some evidence" on which the commission may rely. See, generally,State ex rel. Shields v. Indus. Comm. (1996),74 Ohio St.3d 264; State ex rel. Taylor v. Indus. Comm. (1995),71 Ohio St.3d 582; State ex rel. Eberhardt v. Flxible Corp. (1994),70 Ohio St.3d 649.
 {¶ 23} In the present action, the commission stated that it relied on Dr. Lutz's report in regard to physical capacities and that it relied on Dr. Greer's report in regard to emotional/mental capacities. Those statements were sufficient to identify the medical/functional capacities it found. When the commission stated that Dr. Greer found a 25 percent emotional/mental impairment but imposed no work restrictions, the commission was accurately, albeit briefly, describing the doctor's opinion. The face of the order does not demonstrate that the commission overlooked or misread evidence. Cf. State ex rel.Lovell v. Indus. Comm. (1996), 74 Ohio St.3d 250. Further, as stated above, claimant does not argue that the doctor's opinion must be disqualified from evidentiary consideration because he assessed a 25 percent reduction in psychological capacity without imposing specific work-related restrictions.
 {¶ 24} In summary, the magistrate notes that the courts have not required the commission to recite the contents of doctors' reports in any particular level of detail, although the courts have required that the identification of medical capacity be reasonably clear and free of inconsistency. Here, the commission's description of the psychological report was very brief, but it was accurate. Moreover, claimant filed no psychological report — from his treating psychologist or other expert — to prove that he had work restrictions due to the allowed condition. Accordingly, the magistrate concludes that claimant has not met his burden of proof with respect to the commission's evaluation of the medical factors.
 {¶ 25} However, with respect to the commission's evaluation of the nonmedical factors, the magistrate finds that the commission's explanation patently failed to comply with Noll
and Stephenson. The commission identified claimant's age but did not explain whether it was a positive factor, negative factor, or neutral factor with regard to employability. SeeState ex rel. Moss v. Indus. Comm. (1996), 75 Ohio St.3d 414. The commission merely stated the level of education without explaining whether it was favorable or unfavorable for reemployment when considered in light of the medical limitations. As to work history, the commission ignored it.
 {¶ 26} The magistrate recognizes that, when factors are very favorable or unfavorable, not much discussion is needed. See, generally, State ex rel. Singleton v. Indus. Comm. (1994),71 Ohio St.3d 117 (explaining that the length or brevity of an explanation is not the key to its adequacy, which depends on the nature of the disability factors in the particular application). However, the explanation in the present order fails to provide a minimally adequate explanation of how the medical and nonmedical factors, when combined, permit claimant to perform sustained remunerative employment, as required in Noll, Stephenson, and many other cases.
 {¶ 27} Accordingly, a limited writ is recommended to return this matter to the commission to vacate its denial of PTD and to issue a new order, granting or denying compensation, that provides an explanation in compliance with the above-cited authorities.